

FILED

06/16/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0269

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0269

FILED

JUN 16 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ALEXANDER KIM TORPPE,

Petitioner,

V.

ELEVENTH JUDICIAL DISTRICT
COURT FOR FLATHEAD COUNTY,
and Hon. HEIDI J. ULBRICHT, Presiding,

Respondent.

ORDER

Petitioner Alexander Kim Torppe, via counsel, seeks a writ of supervisory control directing the Eleventh Judicial District Court, Flathead County, to reverse its orders denying Torppe's motions to dismiss in its Cause No. DC-17-645(C).

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted). Consistent with Rule 14(3), it is the Court's practice to refrain from exercising supervisory control when the petitioner has an adequate remedy of appeal. *E.g., Buckles v. Seventh Judicial Dist. Court*, No. OP 16-0517, 386 Mont. 393, 386 P.3d 545 (table) (Oct. 18, 2016); *Lichte v. Mont. Eighteenth Judicial Dist. Court*, No. OP 16-0482, 385 Mont. 540, 382 P.3d 868 (table) (Aug. 24, 2016).

Torppe alleges this Court should grant supervisory control for three reasons: (1) he was committed as unfit on April 16, 2019, but the District Court failed to hold a review hearing until August 8, 2019, thus losing jurisdiction by failing to hold a hearing within 90 days as required by § 46-14-221(3), MCA; (2) the District Court erred in denying his motion to dismiss after March 6, 2020, because he his fitness to proceed could not be guaranteed within the reasonably foreseeable future; and (3) the District Court erred in failing to dismiss Torppe's case because Torppe's unfitness is due to a mental disorder.

The State argues supervisory control is not warranted in this instance and opposes each of Torppe's arguments. First, it points out that the District Court found that Torppe was unfit to proceed on July 3, 2019, and Torppe's assertion to the contrary is a factual dispute and thus not susceptible for writ of supervisory control under M. R. App. P. 14(3). Next, it argues that the District Court did not make an error of law in determining that it appeared Torppe would become fit to proceed within the reasonably foreseeable future because the evidence presented at hearing, including expert testimony, supports this conclusion. Finally, it argues that Torppe misinterprets § 46-14-221(3), MCA, in asserting that his case should be dismissed because he is unfit due to a mental disorder because the statute further requires additional criteria including that "it does not appear that the defendant will become fit to proceed within the reasonably foreseeable future," and Torppe has not met this criteria.

We conclude that Torppe has failed to demonstrate supervisory control is necessary in this matter. Some of Torppe's arguments raise factual disputes not appropriate for supervisory control. As to the remainder, Torppe has failed to persuade us that the District Court is proceeding under a mistake of law and is causing a gross injustice such that the normal appeal process would be inadequate in this case.

IT IS THEREFORE ORDERED that Torppe's Petition for a Writ of Supervisory Control is DENIED.

2

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Eleventh Judicial District Court, Flathead County, Cause No. DC-17-645(C), and the Honorable Heidi J. Ulbricht, presiding.

DATED this 16th day of June, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

3